```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PREZIO HEALTH INC.              :
                                :
                                :
                                :
v.                              :      CIV. NO. 3:13CV1463 (WWE)
                                :
JOHN SCHENK, and SPECTRUM       :
SURGICAL INSTRUMENTS CORP.      :
```

### RULING ON PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS AND DISCOVERY RESPONSES [DOC. #33]

Pending before the Court is a motion by plaintiff Prezio Health Inc. ("plaintiff") to compel defendants John Schenk and Spectrum Surgical Instruments Corp. ("defendants") to fully respond to certain discovery requests and to make witnesses available for depositions. [Doc. #33]. Defendants filed a response in opposition, reporting that the majority of disputes have been resolved. [Doc. #39]. For the reasons articulated below, plaintiff's motion to compel is **DENIED as moot in part, and GRANTED in part.**

Defendants report that all but one dispute have been resolved. The parties have coordinated the depositions of five witnesses, and defendants have agreed to provide supplemental responses to "most of Plaintiff's discovery requests at issue today." [Doc. #39, 1]. Therefore, the Court **DENIES as moot** plaintiff's requests to set a deposition schedule and to compel "proper" responses to Spectrum Surgical Instruments Corp.'s interrogatories 1, 2, 3, 5, 9, 11, and 14.

Defendants contend that the only remaining dispute involves their response to plaintiff's request for production No. 4. This

1

request seeks "[a]ll documents or correspondence referring to, regarding, or reflecting Spectrum's knowledge of Schenk's employment agreement and/or restrictive covenants with Prezio prior to its receipt of the Complaint in this action." [Doc. #33-6, 11-12]. Defendants objected and responded as follows:

> **OBJECTION**: Defendants object to this request to the extent that it is unduly burdensome, overly broad and seeks documents that are not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request insofar as it seeks production of information protected from disclosure by the attorney client privilege or the work product doctrine.
>
> **RESPONSE**: Without waiving the foregoing objections, and to the extent not objected to therein, *see* Exhibit C. Defendants continue to search for and will produce any additional, relevant, responsive documents.

[Id. at 12]. Plaintiff asserts that the only responsive document produced is one email from Spectrum's Vice President of Repair Operations to a former Northeast Regional Sales Manager and other person stating, "I have not heard back from [Schenk] regarding his non-compete. I have a call into him[.]" [Doc. #33, 7]. Plaintiff takes exception that this email is the only document responsive to Request No. 4, and seeks supplemental production or a "certificate of completeness." [Id.]

Defendants respond that "they have made a reasonable inquiry into whether any responsive documents exist, and have produced the only responsive, non-privileged email in their possession." [Doc. #39, 2]. Defendants further contend that nothing in the Federal Rules of Civil Procedure requires that they provide a certificate of completion.

2

The Court construes the defendants' statement that they have "produced the only responsive, non-privileged email in their possession" as a supplemental response to Request No. 4 and will require that defendants each provide a sworn statement that after a diligent search, all documents responsive to Request No. 4 have been produced. See Napolitano v. Synthes USA, LLC, 297 F.R.D. 194, 200 (D. Conn. 2014) (noting that a response that all documents have been produced does require attestation); see also id. (citation omitted) ("When a party claims that the requested documents have already been produced, it must indicate that fact under oath in response to the request. Nevertheless, if the party fails to make a clear and specific statement of such compliance under oath, the court may order it to produce documents."); Vazquez-Fernandez v. Cambridge College, Inc., 269 F.R.D. 150, 154 (D.P.R. 2010) (supplemental response to request for production, which stated that all documents had been produced, was "an answer" that required signature under oath by party).

Therefore, the Court **GRANTS** plaintiff's request for a certification as to Request No. 4. Defendants will each provide a sworn statement, as described above, within fourteen (14) days of this ruling. To the extent that any documents have been withheld on the basis of attorney-client privilege or work product protection, defendants will provide plaintiff with a privilege log within fourteen (14) days of this ruling, to the extent they have not already done so.

Should any discovery disputes of this nature arise in the future, counsel are encouraged to contact chambers for a telephone conference prior to resorting to motion practice.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 3rd day of October 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE