IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
PREZIO HEALTH INC.                          :        3:13 CV 1463 (WWE)
                                            :
V.                                          :
                                            :
JOHN SCHENK & SPECTRUM SURGICAL             :        DATE: APRIL 13, 2015
INSTRUMENTS CORP.                           :
---------------------------------------------------------X

RULING ON DEFENDANTS' MOTION TO COMPEL

On October 4, 2013, plaintiff Prezio Health Inc. filed this lawsuit (Dkt. #1) against its former employee, defendant John Schenk, for breach of his employment contract and of the Connecticut Uniform Trade Secrets Act (Counts I and II, respectively) and against his new employer, defendant Spectrum Surgical Instruments Corp., for tortious interference with a contract (Count III).  On March 6, 2014, defendants filed their answer and affirmative defenses.  (Dkt. #14).   Under the latest scheduling order from Senior U.S. District Judge Warren W. Eginton, all discovery is to be completed by May 11, 2015 and all dispositive motions are due by June 1, 2015.  (Dkts. ##60-61).

On January 12, 2015, defendants filed the pending Motion to Compel Discovery Response and Depositions (Dkt. #46),[1] with respect to eleven interrogatories (Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16), seventeen requests for production (Nos. 9, 13, 14, 15, 18, 19, 21, 22, 23, 25, 32, 33, 34, 35, 36, 40, 45), and all ten deposition subjects (Nos. 1, 2, 3, 4,

---

[1]The following ten exhibits were attached: copy of Defendant Schenk's First Set of Interrogatories to Plaintiff, dated April 2, 2014 (Exh. A); copy of Defendants' First Requests for Production to Plaintiff, also dated April 2, 2014 (Exh. B); copy of Plaintiff's Objections and Answers to Defendant Schenk's First Set of Interrogatories, dated May 23, 2014 (Exh. C); copy of Plaintiff's Objections and Response to Defendants' First Requests for Production, also dated May 23, 2014 (Exh. D); copies of correspondence and e-mails between counsel, dated October 27, November 23, December 1 (with draft deposition notice attached), and December 5, 2014, and January 9 and 12, 2015 (Exhs. E-H, J); copy of Plaintiff's Objections to Defendants' 30(b)(6) Notice of Oral Deposition of Corporate Representative, dated December 19, 2014 (Exh. I).

5, 6, 7, 8, 9, 10). (Dkt. #46, at 5-12). The next day, Judge Eginton referred this motion to U.S. Magistrate Judge Holly B. Fitzsimmons (Dkt. #48), who issued orders requiring the parties to meet and confer regarding this motion prior to scheduling a telephonic status conference. (Dkts. ##47, 49, 52).[2] On February 2, 2015, plaintiff filed its brief in opposition (Dkt. #50), in which it argued that the motion should be denied as premature as defense counsel had failed to comply with Local Rule 37(a) (at 2), and further that the motion should be denied as moot because plaintiff "either has provided the requested information or has represented that it intends to do so." (At 3). On March 23, 2015, defendants filed their reply brief (Dkt. #58; see also Dkts. ##51-52, 56-57), in which they argue that their motion was not premature (Dkt. #58, at 2-3), and is not moot because plaintiff's supplemental production on January 13, 2015 is still "deficient[,]" and plaintiff has yet to comply with, or has not provided complete responses to, eleven interrogatories (Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16) and seventeen requests for production (Nos. 9, 13, 14, 15, 18, 19, 21, 22, 23, 25, 32, 33, 34, 35, 36, 40, 45). (At 3-7). Shortly after the retirement of Judge Fitzsimmons, on April 6, 2015, Judge Eginton referred the motion to this Magistrate Judge. (Dkt. #59).

Given that Judge Eginton just extended the discovery deadline (Dkt. #61), and rather than unnecessarily expend valuable judicial resources on a discovery motion that conceivably may be on the verge of becoming moot, this Magistrate Judge instead instructs plaintiff to comply with all the discovery to which it has reached an agreement with defendants **on or before April 24, 2015**. If there are, in fact, any responses which defendants deem to be deficient, then they may renew this motion solely with respect to those specific discovery

---

[2]See also Dkts. ##33-35, 39-40, 2014 WL 4980855, regarding plaintiff's Motion to Compel Depositions and Discovery Responses.

requests.[3]

Accordingly, defendants' pending Motion to Compel Discovery Responses and Depositions (Dkt. #46) is **denied without prejudice to renew after April 24, 2015, as appropriate**.[4]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same)**;  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 13th day of April, 2015.


      /s/ Joan G. Margolis, USMJ
      Joan Glazer Margolis
      United States Magistrate Judge

---

[3]See note 2 supra.

[4]If any counsel believe that a settlement conference before this Magistrate Judge would be productive, he or she should contact Chambers accordingly.