IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------X
                                                 :

PREZIO HEALTH, INC.                     :                 3:13 CV 1463 (WWE)
                                               :

V.                                             :

JOHN SCHENK & SPECTRUM SURGICAL  :                DATE: AUGUST 25, 2015
INSTRUMENTS CORP.                    :
-------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION TO COMPEL

On October 4, 2013, plaintiff Prezio Health, Inc. commenced this diversity action against defendant John Schenk, its former employee, and against his current employer, defendant Spectrum Surgical Instruments Corp. (Dkt. #1). In its complaint, plaintiff alleges that defendant Schenk is in breach of the non-competition provision of his employment contract with plaintiff, in that defendant Spectrum is a direct competitor of plaintiff, and that defendant Schenk forwarded plaintiff's confidential information to his personal e-mail account on AOL. The complaint contains three counts: breach of contract against defendant Schenk (Count I); violation of the Connecticut Uniform Trade Secrets Act, CONN. GEN. STAT. § 35-53, against defendant Schenk (Count II); and tortious interference with contract against defendant Spectrum (Count III).

On July 20, 2015, plaintiff filed its pending Second Motion to Compel Discovery Responses (Dkt. #68),[1] as to which defendants filed their brief and affidavit in opposition on

---

[1] The following eight exhibits were attached: excerpts from the deposition of Gregory Charles Bright, taken on April 29, 2015 (Exh. 1); copy of Defendant Schenk's Objections and Responses to Plaintiff's Second Request for Production of Documents, dated December 1, 2014 (Exh. 2); copy of Defendant Spectrum's Objections and Responses to Plaintiff's Second Request for Production of Documents, also dated December 1, 2014 (Exh. 3); copies of correspondence between counsel, dated March 16 and 23, May 22, and June 26, 2015 (Exhs. 4-6, 8); and copy of e-mail between counsel, dated June 18, 2015 (Exh. 7).

August 10, 2015. (Dkt. #73). Plaintiff filed its reply brief eleven days later. (Dkt. #76). On July 21, 2015, Senior U.S. District Judge Warren W. Eginton referred the motion to this Magistrate Judge. (Dkt. #69).[2]

In this motion, plaintiff seeks delivery of "all computers or hard drives in defendants' possession from or to which [defendant] Schenk sent or received" e-mails from his AOL account during the period May 1, 2013 to January 1, 2014. (Dkt. #68, at 1). According to plaintiff, after months of negotiation between counsel on this issue, in late June 2015 plaintiff proposed a list of eighteen keywords to be searched, to which defendants had not responded. (Id. at 2-4 & Exhs. 2-8). As a result, plaintiff moves that defendants be ordered to turn over the computers and hard drives so that it can undertake its own forensic search of defendant Schenk's AOL account and determine whether he sent plaintiff's confidential information. (Id. at 4).

In their brief in opposition, defendants object on several grounds, including that at prior depositions defendant Schenk testified that he did not forward any of the e-mails at issue to anyone and defendant Spectrum's witnesses have testified that they did not receive any of the e-mails, that this AOL account is shared by defendant Schenk's wife and children and thus contains their personal e-mail communications (including the children's school work), that at least one executive of plaintiff sent e-mails to defendant Schenk at his AOL account, and that defense counsel has conducted a search of the eighteen search terms and will produce all non-privileged documents that relate to defendant Schenk's employment with

---

[2]Familiarity is presumed with the previous discovery rulings by now retired U.S. Magistrate Judge Holly B. Fitzsimmons and this Magistrate Judge. (See Dkts. ##35, 40, 48, 59, 62).

Plaintiff's Motion for Preliminary Injunction and Defendants' Motion for Summary Judgment are pending before Judge Eginton, which are not fully briefed yet. (See Dkts. ##70-72, 74-75).

either plaintiff or defendant Spectrum, all of which probably were previously produced in this litigation. (Dkt. #73, at 1-4 & Aff't).  As an alternative, defendants suggest that they conduct a search of defendant Schenk's e-mail account in an in camera setting for the Court. (Id. at 6).  In its reply brief (Dkt. #76), plaintiff contends that it had not yet received these new e-mails, that it is still entitled to the metadata from these documents, and that the Protective Order in place will protect the privacy interests of defendant Schenk and his family. (At 2-3).

**On or before September 4, 2015**, defendants will submit to this Magistrate Judge's Chambers the documents responsive to the eighteen search terms; depending on the content of these documents, the Magistrate Judge may order production of the metadata of all or some of these documents.

Accordingly, plaintiff's Second Motion to Compel Discovery Responses (Dkt. #68) is granted in part to the extent that an in camera review is ordered, which, depending on the content of the documents, may be followed by production of the metadata.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further

appeal to Second Circuit).[3]

Dated at New Haven, Connecticut, this 25th day of August, 2015.


   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[3]If any counsel believes that a continued settlement conference before this Magistrate Judge would be productive (see Dkt. #67), he should contact this Magistrate Judge's Chambers accordingly.