IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------X
:
PREZIO HEALTH, INC.                          :         3:13 CV 1463 (WWE)
:
:
V.                                                       :
:
JOHN SCHENK & SPECTRUM SURGICAL  :         DATE: SEPTEMBER 9, 2015
INSTRUMENTS CORP.                      :
----------------------------------------------------------X

RULING FOLLOWING IN CAMERA REVIEW

On October 4, 2013, plaintiff Prezio Health, Inc. commenced this diversity action against defendant John Schenk, its former employee, and against his current employer, defendant Spectrum Surgical Instruments Corp. (Dkt. #1). In its complaint, plaintiff alleges that defendant Schenk is in breach of the non-competition provision of his employment contract with plaintiff, in that defendant Spectrum is a direct competitor of plaintiff, and that defendant Schenk forwarded plaintiff's confidential information to his personal e-mail account on AOL; the complaint also alleges, inter alia, that defendant Schenk announced his resignation on or about August 16, 2013, effective as of August 30, 2013, and falsely stated that he was joining his brother in a real estate venture (¶ 23). The complaint contains three counts: breach of contract against defendant Schenk (Count I); violation of the Connecticut Uniform Trade Secrets Act, CONN. GEN. STAT. § 35-53, against defendant Schenk (Count II); and tortious interference with contract against defendant Spectrum (Count III).

On July 20, 2015, plaintiff filed its Second Motion to Compel Discovery Responses (Dkt. #68), in which it sought delivery of "all computers or hard drives in defendants' possession from or to which [defendant] Schenk sent or received" e-mails from his AOL account during the period May 1, 2013 to January 1, 2014. (Id. at 1). Prior to filing this

motion, plaintiff had proposed a list of eighteen keywords to be searched by defendants, but as of July 20, 2015, no search results had been produced.  (Id. at 2-4  & Exhs. 2-8).  As a result, plaintiff moved that defendants be ordered to turn over the computers and hard drives so that it can undertake its own forensic search of defendant Schenk's AOL account and determine whether he sent plaintiff's confidential information.  (Id. at 4).  In their brief in opposition, defendants argued, inter alia, that defense counsel had conducted a search of the eighteen search terms and would produce all non-privileged documents that relate to defendant Schenk's employment with either plaintiff or defendant Spectrum, all of which probably were previously produced in this litigation.  (Dkt. #73, at 2-4 & Aff't).  As an alternative, defendants also suggested that they conduct a search of defendant Schenk's e-mail account in an in camera setting for the Court.  (Id. at 6).  In its reply brief (Dkt. #76), plaintiff countered, inter alia, that it was still entitled to the metadata from these documents.  (At 2-3).

On August 25, 2015, this Magistrate Judge filed a Ruling on Plaintiff's [Second] Motion to Compel (Dkt. #77)["August 2015 Discovery Ruling"], which ordered defendants to submit to this Magistrate Judge's Chambers the documents responsive to the eighteen search terms by September 4, 2015, and "depending on the content of these documents, the Magistrate Judge may order production of the metadata of all or some of these documents."  (At 3).

Consistent with the August 2015 Discovery Ruling, on September 2, 2015, plaintiff's counsel forwarded to this Magistrate Judge a cover letter, with a copy to defense counsel, with copies of five exhibits, Exhs. 17-21, from defendant Schenk's deposition, consisting of e-mails from his Prezio Health e-mail address to his AOL account, dated May 6 (two e-mails

that are one minute apart), May 13, and June 6 (two e-mails that are nine minutes apart), 2013, with attachments.  The next day, defense counsel forwarded a letter to this Magistrate Judge, with a copy of correspondence between counsel, dated June 26, 2013 with the eighteen search terms, and six e-mails, with attachments, that were responsive to these search terms, all of which previously were provided to plaintiff's counsel or appear on plaintiff's own server.

After a careful in camera review, plaintiff is entitled to the metadata for the following eight e-mails: the two May 6, 2013 e-mails; the May 13, 2013 e-mail; the two June 6, 2013 e-mails; the two October 16, 2012 e-mails; and the December 13, 2012 e-mail.  Unless counsel agree otherwise, defense counsel shall make the necessary arrangements and plaintiff promptly shall reimburse defendants for any expenses borne as a result.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[1]

---

[1] If any counsel believes that a continued settlement conference before this Magistrate Judge would be productive (see Dkt. #67), he should contact this Magistrate Judge's Chambers accordingly.

Dated at New Haven, Connecticut, this 9th day of September, 2015.

                                                    /s/ Joan G. Margolis, USMJ
                                                  Joan Glazer Margolis
                                                  United States Magistrate Judge