IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
                                    :

PREZIO HEALTH, INC.                      :              3:13 CV 1463 (WWE)
                                      :

V.                                      :
                                      :

JOHN SCHENK & SPECTRUM SURGICAL   :         DATE: JANUARY 11, 2016
INSTRUMENTS CORP.                 :
---------------------------------------------------------X

<u>RULING ON PLAINTIFF'S MOTION FOR SANCTIONS</u>

      The factual and procedural history behind this litigation was set forth in this Magistrate Judge's Ruling on Defendant's Motion to Compel, filed April 13, 2015 (Dkt. #62), Ruling on Plaintiff's Motion to Compel, filed August 25, 2015 (Dkt. #77), and Ruling Following <u>In Camera</u> Review, filed September 9, 2015 (Dkt. #80)["September 2015 Ruling"], familiarity with which is presumed.  The September 2015 Ruling held that plaintiff was "entitled to the metadata for the following eight e-mails [from defendant Schenk's home AOL account]: the two May 6, 2013 e-mails; the May 13, 2013 e-mail; the two June 6, 2013 e-mails; the two October 16, 2012 e-mails; and the December 13, 2012 e-mail[,]" and that "[u]nless counsel agree otherwise, defense counsel shall make the necessary arrangements and plaintiff promptly shall reimburse defendants for any expenses borne as a result."  (At 3).  On November 4, 2015, plaintiff's counsel advised the Court, by letter, with a copy to defense counsel, that they had "received the metadata report relating to certain of defendant John Schenk's e-mails from his personal e-mail account[,]" and were "in the process of analyzing this report."

      Twelve days later, on November 16, 2015, plaintiff filed the pending Motion to

Sanction Defendants for Spoliation of Evidence and brief in support (Dkts. ##81-82),[1] as to which defendants filed their brief in opposition on December 14, 2015.  (Dkt. #84; see also Dkts. ##83, 86).[2]  The following week, plaintiff filed its reply brief.  (Dkt. #85).[3]

As set forth in the various filings, plaintiff's computer expert was able to locate only five of the eight e-mails on defendant Schenk's home AOL account, which he was able to analyze; however, three of the e-mails, one dated May 13, 2013 and two dated June 6, 2013, were missing, which e-mails were deleted during the course of this litigation and which, according to plaintiff, contained "some of the most sensitive information [from plaintiff] at issue in this litigation, including a [ten] page pricing list and a list of potential customer leads." (Dkt. #81, at 1-4; Dkt. #82, at 1-6 & Exhs. 2-5; Reisman Aff't, ¶¶ 4-12 & Subexhs. 2-3; Dkt. #84, at 2-5; Schenk Decl., ¶¶ 3, 5-10; Mrs. Schenk Decl., ¶¶ 3-8; Tuttle Decl., ¶¶ 3-9; Dkt. #85, at 1).   As a result, plaintiff seeks the following sanctions: (1) striking defendants' Answer and Affirmative Defenses; (2) entering judgment in plaintiff's favor; (3) scheduling the matter for a hearing in damages for plaintiff; (4) entering the injunctive relief sought by plaintiff, including enjoining defendant Schenk from working for defendant Spectrum for twelve months; (5) an adverse inference to defendants, finding that defendant

---

[1]The following exhibits were attached: affidavit of Andrew Reisman, sworn to November 9, 2015 ["Reisman Aff't"] (Exh. 1), with three subexhibits – copy of Reisman's resume (Subexh. 1), copy of Web Account Collection Consent, signed by Defendant Schenk on September 29, 2015 (Subexh. 2), metadata for Items 1-5 (Subexh. 3); copy of e-mail from Reisman to counsel, dated September 22, 2015 (Exh. 2); copies of letters between counsel, dated September 30, October 13, and October 23, 2015 (Exhs. 3-5); and copy of e-mail between counsel, dated October 30, 2015 (Exh. 6).

[2]The following three exhibits were attached to defendants' brief: Declaration of defendant Schenk, dated December 14, 2015 ["Schenk Decl."](Exh. A); Declaration of Amy Schenk, also dated December 14, 2015 ["Mrs. Schenk Decl."](Exh. B); and Declaration of Sean M. Tuttle, also dated December 14, 2015 ["Tuttle Decl."](Exh. C).

[3]The following two exhibits were attached: copy of e-mail between counsel, dated August 10, 2015 (Exh. A); and copy of letter between counsel, dated August 25, 2015 (Exh. B).

Schenk as a matter of fact did forward the three deleted e-mails to co-workers within defendant Spectrum and that defendant Spectrum used the information contained in the e-mails to compete unfairly and illegally with plaintiff, including over the Detroit Medical Center and Bon Secours Health System  accounts, which order should apply to all aspects of this case, including on summary judgment and at trial; and (6) attorney's fees and costs.  (Dkt. #81, at 4-5; Dkt. #82, at 10-12; Dkt. #85, at 5-7).

In their brief in opposition, defendants emphasize that defendant Schenk used the AOL account "infrequently[,]" that his wife uses it "regularly[,]" and that when they were younger, his children used it as well, including for school work, and that defendant Schenk, his wife and his children all understood that no e-mails regarding this lawsuit should be deleted.  (Dkt. #84, at 2-5, 7; Schenk Decl., ¶¶ 3, 5-9; Mrs. Schenk Decl., ¶¶ 3-7).  Mrs. Schenk surmises that these three e-mails may have been lost when she purchased a new iPad and had her e-mails transferred to an AOL App, as some other e-mails appear to be missing as well. (Dkt. #84, at 7; Mrs. Schenk Decl., ¶ 8).  Defendants contend that the three missing e-mails are irrelevant, particularly since a prior search did not reveal any of the eight e-mails having been forwarded from the AOL account to any other address.  (Dkt. #84, at 4, 8; Tuttle Decl., ¶ 9; see also Schenk Decl., ¶ 10).  Under these circumstances, defendants argue that an adverse inference instruction and the "drastic remedy" of judgment are unwarranted. (Dkt. #84, at 6-11).  Defendants further argue that defendant Spectrum is not alleged to have had any involvement in the alleged spoliation, so that if any sanctions are warranted, they should be addressed to defendant Schenk only.  (Dkt. #84, at 1, 11).

Contrary to defendants' arguments, plaintiff argues in its reply brief that defendant Spectrum is liable for the spoliation, as the two defendants "have been joined at the hip in

this litigation since its inception[,]" having retained the same counsel, having filed the same answer, and having produced joint discovery responses. (Dkt. #85, at 2-3). Plaintiff further argues that defendants were grossly negligent, as having told his wife and children not to delete his work e-mails was insufficient protection against their deletion. (Id. at 3-4). Similarly, plaintiff contends that the metadata is highly relevant, has also been ruled as such by the Court, and could reveal whether there had been blind carbon copies, forwards, or responses to these three e-mails. (Id. at 4-5). Thus, plaintiff asserts that default judgment is appropriate, or alternatively, an adverse inference. (Id. at 5-7).

As plaintiff appropriately points out, defendants do not deny that the metadata from these three e-mails is "irretrievably lost." (Dkt. #85, at 1). The sole issue then is what should be the consequence of the deletion of nearly half of the eight e-mails for which additional discovery had been ordered in the September 2015 Ruling.

Both parties have cited Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002), in which one party did not produce copies of all of its relevant e-mails until after trial had begun; the district judge denied the other party's request for sanctions, including an adverse inference, in part because the delays were occasioned by a computer vendor, not the party itself. Id. at 101-06. In reversing this decision, the Second Circuit held that:

> a party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support the claim or defense.

Id. at 107 (citations omitted).

The first and third elements clearly are satisfied, as defendants already had produced

4

hard copies of these e-mails, thus recognizing the obligation to preserve them, and the September 2015 Ruling previously had held that the metadata was relevant.   As to the second element, the Second Circuit observed that

> The sanction of an adverse inference may be appropriate in some cases involving the negligent destruction of evidence because each party should bear the risk of its own negligence . . . if that is necessary to further the remedial purpose of the inference.  It makes little difference to the party victimized by the destruction of evidence whether that act was done willfully or negligently. . . . The inference is adverse to the destroyer not because of any finding of moral culpability, but because the risk that the evidence would have been detrimental rather than favorable should fall on the party responsible for the loss.

Id. at 108 (citation omitted).

This Magistrate Judge agrees with plaintiff that defendant Schenk merely having instructed his wife and children not to delete his litigation related e-mails, ones that were the subject of motions and judicial rulings in federal court, was grossly deficient. Assuming that defendants' theory of what transpired is correct, while Mrs. Schenk certainly is free to read her personal AOL e-mails on whatever electronic device she wishes, under the circumstances of this lawsuit, she should not have been left on her own to download an AOL App on her new iPad to transfer all the family e-mails there. Obviously, defense counsel and her husband had not sufficiently impressed upon her the significance of preserving these eight e-mails at all times, e-mails which are critical to the underlying issues in this lawsuit.  It is not unusual for adults living in this electronic age to be unable to locate a stray e-mail from time to time in their various e-mail in-boxes.  But in this case, defendants could not afford to let this happen to any of these eight e-mails, and should have taken more significant steps to preserve them.  At a minimum, had Mrs. Schenk been properly advised by defense counsel and her husband, she should have known to go to an Apple Store to have a skilled technician help her transfer her old e-mails on AOL to an App on her new iPad in order to avoid a

situation precisely like this one.[4]

However, the adverse instruction sought by plaintiff here is too harsh. In <u>Mali v. Fed.</u> <u>Ins. Co.</u>, 720 F.3d 387, 391-94 (2d Cir. 2013), the Second Circuit differentiated between a "permissive adverse inference," under which a jury "may give any such inference, whatever force or effect as you think is appropriate under all the facts and circumstances[]" of plaintiff's failure to produce all relevant discovery, from a punitive sanction, as in <u>Residential</u> <u>Funding</u>. At this juncture, it is not possible to predict all the precise circumstances at which an adverse inference may be appropriate – such as specific issues arising in summary judgment motions or at trial. The exact parameters of an adverse inference are left to the sound discretion of Judge Eginton as such issues arise in the future.

In addition, plaintiff is entitled to attorney's fees and costs incurred in pursuing this discovery issue. However, given the acrimony with which this lawsuit is being litigated, the deadlines for filing such motion and brief will be held in abeyance until the conclusion of this lawsuit.

Lastly, these sanctions are to be imposed on both defendants, both of whom failed to take appropriate measures to avoid this unfortunate situation.

Accordingly, plaintiff's Motion to Sanction Defendants for Spoliation of Evidence (Dkt. #81) is <u>granted to the extent set forth above</u>.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order

---

[4]Plaintiff's complaint alleges that defendant Schenk resides in Stamford. (Dkt. #1, ¶ 8). According to www.apple.com, there is an Apple store located in Stamford, as well as in other towns in Fairfield County and Westchester County.

of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[5]

Dated at New Haven, Connecticut, this 11th day of January, 2016.

  /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[5]If any counsel believes that a continued settlement conference before this Magistrate Judge would be productive (see Dkt. #67), he should contact this Magistrate Judge's Chambers accordingly.